In re MYERS.

(Supreme Court, Appellate Division, Fourth Department. July 12, 1910.)

ELECTIONS (§ 168*)—PRINTING OF BALLOTS—PARTY REPRESENTATION.

    Election Law (Consol. Laws, c. 17) § 331, provides that when no nomination has been made by a political party for an office, the title of such office shall be printed in the party column, and underneath such title shall be printed the words "No Nomination." *Held*, that only parties that have tickets of candidates to be voted for at the election are entitled to columns on the ballots, and if a party has made nominations for some of the offices to be voted for, but not all of them, then, as to the offices where no nominations are made, the title of the offices are to be printed. and underneath the words "No Nomination," but where a special election is to be held for the election of a member of Congress, and a party makes no nomination, it is not entitled to representation on the ballot.

    [Ed. Note.—For other cases, see Elections, Cent. Dig. § 142; Dec. Dig. § 168.*]

Appeal from Special Term, Monroe County.

From an order granted on application of Jacob H. Myers to correct an alleged error in the printing of ballots for a congressional election, H. A. Nichols, Commissioner of Elections, appeals. Order affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

George Y. Webster & William W. Armstrong, for appellant.
George P. Decker, for respondent.

WILLIAMS, J. The order should be affirmed, with costs. Nominations had been made for the office, by the Republican, Democratic, and Socialist parties, but none by the Independence League party. The ballot as prepared by the commissioner gave the first column to the Republican party, the second to the Democratic party, the fourth to the Socialist party, and the third to the Independence League party, though it had no nominee. The order directed the exclusion of this column from the ballot. No real benefit to any one could come from retaining this column, and the papers used on the application tend to show that it would be likely to confuse voters, and result in the loss of many votes to the one or the other of the parties who had made nominations for the office. The only grounds of objection to the order seem to be that it violates the statute, and some sentimental ideas as to advertising the Independence League party upon the ballot, though it had not made any nomination for the only office to be voted for at the special election. We do not give much consideration to the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

latter ground, and do not think the statute, properly construed, was in any way violated. Section 331 of the Election Law (Consol. Laws, c. 17) among other things provides:

"The lists of candidates of the several parties shall be printed in parallel columns and the number of such columns shall exceed by one the number of separate tickets of candidates to be voted for. * * * When no nomination has been made by a political party * * * for an office, to be filled at the election, the title of such office shall be printed in such party column, and underneath such title shall be printed in brevier type the words 'No Nomination.'"

It seems to us the meaning of the statute is that only parties that have tickets of candidates to be voted for at the election are entitled to columns on the ballot. If a party has made nominations for *some* of the offices to be voted for, but not *all* of them, then, as to the offices where no nominations are made, the title of the offices are to be printed, and underneath the words "No Nomination." This construction protects the rights of all, does no harm to any one, and no possible reason can be given for a strained construction requiring the vacant column to be put on the ballot, except the sentimental one suggested by the appellant's counsel, that a citizen when he has become affiliated with a certain political party should be allowed to register his vote for the principles which that party represents, though it have no candidate, and register his protest and show in an official and legal manner that he is still a member of the party and a believer in the principles for which it stands. This he is to do, we suppose, by putting his mark in the column or pulling the lever, which would record a vote for no one whatever. All concur.